IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS,<br><br>          Plaintiff,<br><br>   vs.<br><br>JANICE K. MOOMAW and LISA J.<br>KENNELL, as Co-Trustees of the Donald D.<br>Ruff Irrevocable Trust No. 1 Dated December 1,<br>1997;<br><br>JANICE K. MOOMAW and LISA J.<br>KENNELL, as Co-Trustees of the Donald D.<br>Ruff Irrevocable Trust No. 1 Dated December 3,<br>1997; and<br><br>JANICE K. MOOMAW and LISA J.<br>KENNELL, as Co-Trustees of the Donald D.<br>Ruff Irrevocable Trust No. 1 Dated January 4,<br>2001,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Cause Number: 3:16-cv-1176<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Thrivent Financial for Lutherans ("Thrivent") and for its

Complaint in Interpleader, and pursuant to Rule 22 of the Federal Rules of Civil Procedure and

28 U.S.C. §§ 1332 and 2361, states as follows:

## Parties

1.    Thrivent is a non-profit fraternal benefit society and legal successor of Lutheran

Brotherhood, which merged into Aid Association for Lutherans and subsequently changed its

name to Thrivent Financial for Lutherans. Thrivent is organized and exists as a non-profit

corporation under the laws of the State of Wisconsin, and having its principal place of business

in Appleton, Wisconsin. Thrivent is duly licensed to do business in the State of Illinois.

2.    In documents more particularly described hereinafter, Janice K. Moomaw ("Ms.

Moomaw") and Lisa J. Kennell ("Ms. Kennell") have been identified as the co-trustees of three differently dated trusts: the Donald D. Ruff Irrevocable Trust No. 1 dated December 1, 1997 ("December 1, 1997 Trust"); the Donald D. Ruff Irrevocable Trust No. 1 dated December 3, 1997 ("December 3, 1997 Trust"); and the Donald D. Ruff Irrevocable Trust No. 1 dated January 4, 2001 ("January 4, 2001 Trust").

3.      Upon information and belief, Ms. Moomaw is a citizen of the State of Illinois.

4.      Upon information and belief, Ms. Kennell is a citizen of the State of Illinois.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, in that Thrivent, a citizen of the State of Wisconsin, is of diverse citizenship from all of the defendants, all of whom are believed to be citizens of the State of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(a) because it is a judicial district where a substantial part of the events or omissions giving rise to this claim occurred, including, without limitation, the conception, recommendation and drafting of the irrevocable life insurance trust or trusts and the execution of at least one such trust document.

**Cause of Action in Interpleader**

7.      On December 16, 1997, Thrivent's predecessor Lutheran Brotherhood issued a life insurance contract numbered 3184544 (the "Contract") insuring the lives of Donald D. and Melba M. Ruff ("Mr. and Mrs. Ruff").  A copy of the Contract, including the Ruffs' Application which is incorporated into the Contract, is attached hereto as Exhibit A.

8.      The Application submitted by Mr. and Mrs. Ruff, which is incorporated into and

made a part of the Policy, designated the "Donald D. Ruff Irrevocable Trust #1" as primary

beneficiary, and stated a trust date of December 1, 1997.  Ms. Moomaw and Ms. Kennell are

identified as co-trustees of the December 1, 1997 Trust.  An excerpted copy of the Application's

"Beneficiary" and "Third Party Owner" sections containing the December 1, 1997 date is

attached hereto as Exhibit B.

       9.     Donald D. Ruff died on May 19, 2016.  He was predeceased by Melba M. Ruff.

      10.    Thrivent now owes a death benefit in excess of $1,047,710.70 to the lawfully-

entitled beneficiary of the Contract.

      11.    There is confusion with respect to the identification of the lawfully-entitled

beneficiary.

      12.    Mr. and Mrs. Ruff signed a document entitled Donald D. Ruff Irrevocable Trust

No. 1 on December 3, 1997.  Upon information and belief, this document was prepared by

attorney Dale F. Wolff of Effingham County, Illinois, who has was counsel for Mr. and Mrs.

Ruff from 1997 to the time of their respective deaths.  Ms. Moomaw and Ms. Kennell are

identified as co-trustees of the December 3, 1997 Trust.  A copy of the December 3, 1997 Trust

is attached as Exhibit C.

      13.    The December 1, 1997 date of the trust described as the Contract beneficiary in

Exhibits A and B is in conflict with the December 3, 1997 date of the Donald D. Ruff

Irrevocable Trust No. 1 marked Exhibit C.

      14.    In the case of trusts that are designated as life insurance contract beneficiaries,

Thrivent requires the submission of a "Certification of Trust" before making payment on the

contract to ensure the trust properly exists and is properly identified.  On June 16, 2016, Ms.

Moomaw submitted to Thrivent a signed Certification of Trust identifying the Donald D. Ruff

Irrevocable Trust No. 1 with a trust date of "January 4, 2001." She identified Ms. Moomaw and Ms. Kennell as co-trustees of the January 4, 2001 Trust. A copy of the June 16, 2016 Trust Certification as contained in Thrivent's files is attached hereto as Exhibit D.

15.     On July 8, 2016, Ms. Moomaw submitted to Thrivent another signed Certification of Trust, this time identifying the Donald D. Ruff Irrevocable Trust No. 1 as having a date of December 3, 1997. She identified Ms. Moomaw and Ms. Kennell as co-trustees of the December 3, 1997 Trust. A copy of the July 8, 2016 Trust Certification as contained in Thrivent's files is attached hereto as Exhibit E.

16.     Thrivent, therefore, now possesses documentary evidence of three differently dated trusts purporting to be the beneficiary of the Contract: December 1, 1997; December 3, 1997; and January 4, 2001.

17.     Thrivent has communicated with Ms. Moomaw and Ms. Kennell and their representative with respect to the discrepancies and confusion surrounding identification of the lawfully-entitled beneficiary. Thrivent has requested that they pursue and obtain an order from a court of competent jurisdiction that declares and clarifies the identity of the lawfully-entitled beneficiary and resolves the confusion created by conflicting designations of the date of trust. Through their representative, Ms. Moomaw and Ms. Kennell have indicated they decline to seek such an order.

18.     As a result of conflicting documentary information, Thrivent is unable to determine which trust is the proper beneficiary of the Contract, and is subject to the danger of double or multiple liability in the event that it makes payment to one of the three differently dated trusts.

19.     By reason of Mr. Ruff's death, Thrivent now owes a death benefit in excess of

$1,047,710.70 to the lawfully-entitled beneficiary of the Contract.

20.     Thrivent is ready, willing and able to pay the Contract benefit now payable as a result of Mr. Ruff's death to the lawfully-entitled beneficiary and will be requesting to deposit such sum as directed by this Court.

21.     Thrivent has no interest in the funds whatsoever and merely desires protection while this Court determines to whom said funds should be paid.

22.     Thrivent has no adequate remedy at law except to request that this Court allow it to pay the Contract's proceeds into Court and await the Court's final determination as to the appropriate beneficiary under the Contract.

WHEREFORE, Plaintiff Thrivent respectfully requests a judgment:

a.     Restraining Defendants from instituting any action against Thrivent for recovery of the Contract benefits that are the subject of this suit;

b.     Requiring each of the Defendants to answer this Complaint in Interpleader and to litigate their claims among themselves for the subject proceeds in this action;

c.     Discharging Thrivent from any and all further liability to Defendants herein for the benefits payable under the Contract as a result of the death of Donald D. Ruff;

d.     Granting Thrivent leave to deposit into the Registry of the Court the value of the Contract, plus accrued interest; and

e.     Ordering and awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: */s/ Clark H. Cole*
    Clark H. Cole        #03129311
    Jonathan Shulan      #6313988
    Armstrong Teasdale LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Facsimile:  314.621.5065
    ccole@armstrongteasdale.com
    jshulan@armstrongteasdale.com

*ATTORNEYS FOR PLAINTIFF THRIVENT FINANCIAL FOR LUTHERANS*