# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

THRIVENT FINANCIAL FOR
LUTHERANS,

                      **Plaintiff,**

vs.

JANICE K. MOOMAW and LISA J.
KENNELL, as Co-Trustees of the Donald
D. Ruff Irrevocable Trust No. 1 Dated
December 1, 1997;

JANICE K. MOOMAW and LISA J.
KENNELL, as Co-Trustees of the Donald
D. Ruff Irrevocable Trust No. 1 Dated
December 3, 1997; and

JANICE K. MOOMAW and LISA J.
KENNELL, as Co-Trustees of the Donald
D. Ruff Irrevocable Trust No. 1 Dated
January 4, 2001,

                      **Defendants.**

No.   16-cv-01176-DRH-DGW

## ORDER

**HERNDON, District Judge:**

      Pending before the Court is defendants' Janice K. Moomaw and Lisa J. Kennell, as Co-Trustees of the Donald D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997 unopposed motion for summary judgment against plaintiff Thrivent Financial for Lutherans (Doc. 37). For the reasons explained below, the

motion is granted.

On October 25, 2016, plaintiff filed a complaint for interpleader against the defendants in order to ensure that death benefits would be paid to the correct beneficiary (Doc. 1). According to the complaint, upon Donald D. Ruff's death, Thrivent owed a death benefit in excess of $1,047,710.70 to the lawfully-entitled beneficiary of the Contract, but there was a discrepancy as to who was the proper beneficiary. On December 5, 2016, Janice K Moomaw, as Co-Trustee of the Donald D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997 and Lisa J Kennell, as Co-Trustee of the Doanld D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997 filed their answer to the complaint (Doc. 9).

On February 9, 2017, Plaintiff was released and discharged from any and all liability to the defendants and their heirs, assigns, and beneficiaries relating in any way to the Contract. Default judgment was also entered pursuant to Federal Rule of Civil Procedure 55(b) against Defendants Janice K. Moomaw and Lisa J. Kennell, as Co-Trustees of the Donald D. Ruff Irrevocable Trust No. 1 Dated December 1, 1997, and Defendants Janice K. Moomaw and Lisa J. Kennell, as Co-Trustees of the Donald D. Ruff Irrevocable Trust No. 1 Dated January 4, 2001, the remaining two trusts named as defendants to this action. Thereafter defendants Janice K. Moomaw and Lisa J. Kennell, as Co-Trustees of the Donald D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997, filed their motion for summary judgment against plaintiff Thrivent Financial for Lutherans (Doc. 37).

As of this date, plaintiff has not responded to the motion for summary

judgment.[1] Thus, pursuant to Local Rule 7.1(c), the Court considers this failure an admission of the merits of the motion. The Seventh Circuit has also consistently held that a nonmovant's failure to respond, as mandated by local rule, results is an admission. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). See also *Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008) ("[L]ocal rules streamline litigation and save litigants, lawyers and courts time and money."). Summary judgment, however, is never automatic: it may only be granted when the undisputed material facts warrant judgment as a matter of law. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). When a party fails to address an assertion of fact at summary judgment, the court may "consider the fact undisputed for the purposes of the motion." FED. R. CIV. P. 56(e)(2). And those undisputed facts can form the basis of a summary judgment ruling. *Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013) ("[T]he district court was right to rely on [the movant's] statement of undisputed material facts in its [summary judgment] analysis.").

Upon review of defendant's motion, the pleadings, and exhibits in this case, the Court finds summary judgment to be appropriate. Defendants maintain that there is no genuine issue of material fact in this matter, and the Court agrees. In an affidavit attached to the motion for summary judgment, Dale F. Wolff, the attorney for Donald D. Ruff and his wife, Melba M. Ruff, from September 24, 1997 until

---

1 Local Rule 7.1(c)(1) provides: "An adverse party in a civil case shall have **30 days** after service of a motion listed above to file a response." Further, Local Rule 7.1(c) provides in part: "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

their deaths, stated that he prepared all estate planning documents for the aforementioned, and only one irrevocable trust was prepared for Donald D. Ruff and Melba M. Ruff (Doc. 37, Ex. A). That one and only irrevocable trust was named the Donald D. Ruff Irrevocable Trust No. 1, and it was signed on December 3, 1997 by Donald D. Ruff and Melba M. Ruff (*Id.*).Thus, there is no dispute as to who the proper beneficiary is in this action.

Accordingly, the Court **GRANTS** defendants' Janice K. Moomaw and Lisa J. Kennell, as Co-Trustees of the Donald D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997 unopposed motion for summary judgment against plaintiff Thrivent Financial for Lutherans (Doc. 37).The Clerk is directed to enter judgment accordingly. As a consequence, the Donald D. Ruff Irrevocable Trust No. 1 Dated December 3, 1997 is hereby deemed the only such valid life insurance trust relative to the benefits on deposit with the Court. Following entry of said judgment, the Clerk is directed to release such funds to the co-trustees of said trust, Janice K. Moomaw and Lisa J. Kennell, less the administrative registry fee, as directed by their counsel of record.

**IT IS SO ORDERED.**

Signed this 5th day of July, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.07.05 11:36:50 -05'00'

**United States District Judge**